**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **JOHN JOSEPH HEWETT, M.D.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 1:09-cv-02017-WMN | |
| **TRI-STATE RADIOLOGY, P.C.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION
<u>FOR STATUTORY COSTS AND EXPENSES</u>**

Plaintiff John Joseph Hewett, M.D., through undersigned counsel, and pursuant to 28 U.S.C. § 1447(c), respectfully moves this Court to award him statutory costs and expenses, including attorney's fees, incurred as a result of Defendants' removal of this case from the Circuit Court for Allegany County, Maryland to this Court.

At the time of removal, Defendants knew, through the testimony of their corporate representative, that the adjudication of Dr. Hewett's claims did not require any interpretation of defendants' ERISA-governed retirement plan, so that ERISA did not preempt his claims. As such, their basis for removal was not objectionably reasonable. The removal caused Dr. Hewett to incur the unnecessary expense of remanding the case to state court, and to lose his trial date.

Thus, Dr. Hewett asks this Court to award him the statutory costs, including attorney's fees, and actual expenses.

**PROCEDURAL BACKGROUND**

On July 17, 2009, Dr. Hewett served a Second Amended Complaint on Defendants. The Second Amended Complaint included an additional claim for approximately $80,000 that Defendants improperly withheld from Dr. Hewett's salary, bonus, and salary continuation, in violation of the Allegany and Tri-State Employment Agreements. Dr. Hewett alleged that Defendants withheld this money to fund what they called the "pension shortfall," i.e., the difference between what Dr. Hewett was paid as his lump sum pension benefit and what he had contributed to the pension plan.

On July 29, 2009, Plaintiff's counsel deposed Charles Blazek, Defendants' corporate representative, who testified that the funding scheme for the pension plan was not contained in the Defendants' Defined Benefit Pension Plan document. See Pls. Mot. to Remand, Mem. at 4 (citing Blazek Dep. 117:15-118:13, 148:20-149:15) (Aug. 12, 2009). In fact, the funding scheme could not be in the plan document because such a provision would disqualify the entire pension plan as a defined benefit plan. Id. Therefore, according to Defendants, the funding scheme was an unwritten agreement among the owners, separate from the pension plan document. Id. (citing Blazek Dep. 89:16-90:12).

On July 31, 2009, only two days after Mr. Blazek's deposition, Defendants removed this case from the Circuit Court of Allegany County, Maryland to this Court, based on their argument that Dr. Hewett's additional claim was completely pre-empted by ERISA because the money was withheld to fund the defined pension benefits plan. See Def. Notice & Pet. for Removal ¶¶ 4-11 (July 31, 2009). At the time this case was removed, the parties had engaged in extensive discovery, including seven depositions, and the state court had ruled on several discovery

motions. Counsel for the parties had corresponded extensively about the scheduling of at least six remaining depositions. Close of discovery was set for August 13, 2009, with the trial to begin September 21, 2009.

On September 17, 2009, this Court granted Dr. Hewett's motion to remand this case to the Circuit Court for Allegany County, Maryland. This Court found that, in removing this case to federal court, Defendants were simply "[a]ttempting to take advantage of the fact that the Second Amended Complaint made mention of a pension plan." See Mem. at 3 (Sept. 17, 2009). This Court recognized that Defendants merely "repeat[ed] the mantra" that Dr. Hewett's claims required application and interpretation of ERISA and the interpretation of an ERISA-governed benefits plan, but Defendants "point[ed] to no particular provision of either ERISA or the benefit plan documents that need this application or interpretation." Id. at 7-8. Thus, this Court remanded this case to the Circuit Court for Allegany County, Maryland

As a result of Defendants' removal of this case to federal court, Dr. Hewett not only incurred the expense of remanding it to state court, but also incurred the costs of seeking modification of the scheduling order (which defendants opposed), based on the fact that the case was likely to be remanded to the state court. Dr. Hewett is also incurring the additional expense of rescheduling all of the remaining depositions, which defendants have thus far refused to reschedule. Finally, Dr. Hewett must wait to be assigned a new trial date in the Circuit Court of Allegany County, which is likely to be in 2010, at least six months after the previous trial date of September 21, 2009.

**ARGUMENT**

**I.      Standard of Review.**

Under Section 1447(c), this Court has discretion to grant Dr. Hewett the costs and expenses incurred as a result of Defendants' improper removal. The Supreme Court recently held that there is no presumption either in favor or against awarding costs and expenses, since the determination "turns on the reasonableness of removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 138-41 (2005). Hence, attorneys' fees are appropriate where the defendant lacked an "objectively reasonable" basis for seeking removal. Id. at 141. Removal is not "objectively reasonable" where a "cursory examination ... would have revealed" a lack of federal jurisdiction. See In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (citations omitted).

The courts have awarded fees under Section 1447(c) for a number of reasons, including untimely removal and removal based on an erroneous legal argument. See, e.g., Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000) (permitting an award of fees when "removal, while 'fairly supportable,' was wrong as a matter of law"); Osborne v. Osborne, 554 F. Supp. 566, 569 (D. Md. 1982) ("the meritless nature of defendant's removal attempt fully justifies the award of just costs and reasonable attorney's fees associated with this removal and remand"); see generally 14C Wright, Miller & Cooper, Federal Practice & Procedure, § 3739, at 867 (4th ed. 2009) (collecting cases).

**II.     This Court Has the Jurisdiction to Consider Plaintiff's Motion.**

This Court has the jurisdiction to consider Dr. Hewett's motion, since it is a collateral decision. See, e.g., Bryant v. Britt, 420 F.3d 161, 165-66 (2d Cir. 2005) (per curiam) ("We hold that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a

remand order has issued.  All of the other circuits that have addressed the question have reached the same conclusion.") (citing cases from Third, Sixth, Seventh, and Ninth Circuits); Williamsburg Plantation, Inc. v. Bluegreen Corp., No. 4:06-cv-102, 2007 WL 445289, at *2 (E.D. Va. Feb. 5, 2007) ("the majority of cases that have considered the issue have held" that the district court "retains jurisdiction over collateral matters such as awards of costs and attorney's fees"); Watson v. Charleston Housing Auth., 83 F. Supp. 2d 709 (S.D. W. Va. 2000) ("Every circuit court of appeal that has considered this issue has concluded that a district court may award fees and costs after the case has been remanded to state court.") (collecting cases); see generally 14C Wright, Miller & Cooper, Federal Practice & Procedure, § 3739, at 900 & n.95 (4th ed. 2009) (collecting cases).

### III. Defendants' Basis for Removal was Not "Objectively Reasonable" Because It was Contradicted by the Testimony of Their Corporate Representative.

Defendants' own corporate representative flatly contradicted the basis of Defendants' removal, so that Defendants' removal of this case to federal court was not "objectively reasonable."  For a claim to be completely preempted by ERISA, and, therefore, serve as the basis for removal to federal court, the claim must not be capable of resolution without an interpretation of an ERISA-governed employee benefit plan.  Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003) (citations omitted).

As this Court recognized in its decision, Defendants argued that Dr. Hewett's claim required "interpretation of an ERISA-governed benefits plan," see Def. Opp. at 4, but defendants did not point to a single provision of the benefits plan document that required any such interpretation.  Furthermore, Mr. Blazek's testimony – the defendants' corporate representative testifying about the pension plan – flatly contradicted defendants' argument, in deposition

5

testimony that he gave only two days before defendants filed their notice of removal.

In fact, Mr. Blazek testified that the funding scheme for the pension plan was not stated in the Defendants' Defined Benefit Pension Plan document, and in fact <u>could</u> <u>not</u> be in the plan document because such a provision would disqualify the entire pension plan as a defined benefit plan. <u>See</u> Pls. Mot. to Remand, Mem. at 4 (citing Blazek Dep. 117:15-118:13, 148:20-149:15)). Defendants were fully aware of this testimony when they filed their Notice and Petition for Removal, and never put forward any evidence in this Court to refute the testimony.

At the time of removal, Defendants knew that the adjudication of Dr. Hewett's claim regarding the methods of funding the pension plan did <u>not</u> require interpretation of an ERISA-governed document, but argued the opposite in order to sustain removal of this case to federal court. Therefore, Defendants' removal of this case was not "objectively reasonable."

For that reason, Dr. Hewett respectfully asks that this court award just costs and expenses pursuant to Section 1447(c). <u>See</u> <u>ITT Industrial Credit Co. v. Durango Crushers, Inc.</u>, 832 F.2d 307 (4th Cir. 1987) (upholding award of attorneys' fees because it was clear at the time of the removal that removal was improper).

### IV. Defendants' Removal of this Case to Federal Court has Unjustly Caused Additional Expenses and Unnecessary Delays.

The Supreme Court held that the "objectively reasonable" standard is appropriate for awarding just costs and expenses because "[t]he process of removing a case to federal court and then having it remanded to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." <u>Martin</u>, 546 U.S. at 140. Therefore, an award made pursuant to Section 1447(c) is remedial

rather than punitive because it compensates the plaintiff when justice so requires.  See Moore v. Permanente Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992); Shrader v. Legg Mason Wood Walker, Inc., 880 F. Supp. 366, 368 (E.D. Pa. 1995).

When Defendants filed their Notice and Petition for Removal, the parties were in the middle of depositions and nearing the close of discovery and the trial date.  Given the physicians' busy schedules, scheduling the depositions was a time consuming process.  Because of Defendants' removal of this case to federal court, Dr. Hewett will incur the additional expense of rescheduling all of the remaining depositions.  Dr. Hewett has also incurred significant costs and expenses in remanding this case to state court, i.e., researching and drafting his successful motion to remand.  See Declaration of Lynne Bernabei (Sept. 30, 2009) (attached hereto as Exhibit A).  Dr. Hewett also had to file a motion seeking modification of the scheduling order, as the case was likely to be remanded.  Perhaps worst of all, however, is that Dr. Hewett lost his trial date, so that the adjudication of his claims will be significantly delayed.  Id. at ¶ 8.

The purpose of the fee-shifting provision in Section 1447(c) is so that parties are deterred seeking removal, and as a result prolonging litigation and imposing costs on the opposing party, absent an "objectively reasonable" basis.  See Martin, 546 U.S. at 140.  Because Defendants did not have an "objectively reasonable" basis for removing this case, justice requires that this Court award Dr. Hewett the statutory costs and expenses in filing his motion to remand, filing his motion for modification of the scheduling order, and the necessary work due to the remand.

The judges of this Court have held that "the lodestar method is the appropriate standard for determining a reasonable award, by multiplying reasonable hours against the reasonable hourly rate."  Leviton Mfg. Co. v. Shanghai Meihao Electric, Inc., 613 F. Supp. 2d 670, 729 (D.

Md. 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); accord Thompson v. U.S. Dept. of Housing & Urban Devel., No. Civ. A. MGJ-95-309, 2002 WL 31777631, at *11 (D. Md. Nov. 21, 2002); Gu v. Hughes STX Corp., 127 F. Supp. 2d 751, 763-64 (D. Md. 2001).

Further, the rates set forth in Appendix B to the Local Rules of this Court, known as the "Guideline" rates, are presumptively reasonable rates. See Thompson, 2002 WL 31777631, at *8 ("presumptively reasonable attorney's fees Guidelines adopted by this Court at Appendix B of the Local Rules"); Gu, 127 F. Supp. 2d at 767 (using the Guidelines as "the prevailing market rate").[1] Dr. Hewett has applied the Guideline rates to his motion for statutory fees.

As set forth in the attached Declaration of Lynne Bernabei (Exhibit A), Dr. Hewett incurred 41.90 hours, having a value at the Guideline rates of $8,430.00, in motions practice before this Court, relating to his successful motion to remand, and the status reports and related submissions to this Court. Dr. Hewett incurred an additional 14.85 hours, having a value at the Guideline rates of $3,019.00, in fee petition preparation. See Exhibit A, at ¶¶ 25-26 & Att. A. Dr. Hewett is not seeking reimbursement for the 23.30 hours, having a value at the Guideline rates of $4,657.00, for legal services relating to ongoing discovery issues, id. at ¶ 27, as those would have been incurred regardless of whether this case had been removed or remanded.

Dr. Hewett also incurred $241.04 in expenses for Westlaw research and $1,094.50 for the cost of the Blazek deposition transcript (which was cited in the motion to remand, and relied upon by this Court), both relating specifically to the proceedings in this Court. Id. at ¶ 31.

---

[1] Some courts have awarded higher rates to out-of-town counsel. See, e.g., Leviton, 613 F. Supp. 2d at 731-34 (awarding higher rates to counsel from Washington, D.C.); Thompson, 2002 WL 31777631, at *12-*13 (awarding Laffey rates to counsel from Washington, D.C.); Stone v. Thompson, 164 F. Supp. 2d 639, 640 (D. Md. 2001) (same). Since defendants are also represented by Washington, D.C. counsel, Dr. Hewett could have similarly sought higher rates, but is not doing so.

Thus, Dr. Hewett is respectfully seeking $11,449.00 in fees and $1,335.54 in expenses, for a total award of $12,784.54.

## **CONCLUSION**

For the foregoing reasons, this Court should award Dr. Hewett the statutory costs, pursuant to Section 1447(c), including attorney's fees and expenses. At the time of removal, Defendants knew that the adjudication of Dr. Hewett's claims did not require any interpretation of an ERISA-governed benefits plan, so that their basis for removal was not objectionably reasonable. The removal caused Dr. Hewett to incur the unnecessary expense of remanding the case to the Circuit Court for Allegany County, Maryland, and to lose his trial date.

                Respectfully submitted,

                /s/ Lynne Bernabei
                _____
                Lynne Bernabei, Esquire
                Bernabei & Wachtel, PLLC
                1775 T Street, N.W.
                Washington, D.C. 20009-7124
                tel. (202) 745-1945
                fax (202) 745-2627
                Email: Bernabei@Bernabeipllc.com
                *Attorney for Plaintiff*

DATED: September 30, 2009