IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN JOSEPH HEWETT        *
                          *
v.                        *
                          *   Civil Action No. WMN-09-2017
TRI-STATE RADIOLOGY, P.C. *
et al.                    *
                          *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

After this case had been pending in the Circuit Court for Allegheny County for over a year and within two months of a scheduled trial in that court, Defendants removed the action to this Court.  In removing the action, Defendants argued that a claim that Plaintiff had just recently added by amendment to his complaint was pre-empted under the federal Employee Retirement Income Security Act (ERISA).  This Court rejected that argument and remanded the case to state court.  Hewett v. Tri-State Radiology, P.C., 2009 WL 3048675 (D. Md. Sept. 17, 2009).[1]  Plaintiff has now filed a motion for costs and expenses incurred due to Defendants' improvident removal of this action.  Paper No. 111.  The motion is fully briefed.  Upon review of the pleadings and the applicable case law, the Court determines that the motion should be granted.

---

[1] The background of this dispute is set out in the Court's September 17, 2009, opinion and the Court assumes here the reader's familiarity with that background.

Section 1447(c) of Title 28 of the United States Code provides that, when a case is remanded, the district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Whether to award costs and expenses is a matter in the district court's discretion and there is no presumption either for or against such an award. 546 U.S. at 139.

This Court finds that Defendants did not have an objectionably reasonable basis for removal. Their purported basis for removal was that Plaintiff's newly added claim was subject to complete preemption under ERISA. It is well established that, for a claim to be completely preempted under ERISA, "the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan." Sonono Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003). As noted in the memorandum remanding the case, Defendants were completely unable, in opposing the motion to remand, to point to

2

any precept of ERISA or provision of the benefit plan that would need interpretation or application.  Hewitt at *4.  Furthermore, in a deposition that took place just days before Defendants removed the case to this Court, their own corporate representative testified that the dispute underlying Plaintiff's new claim had nothing to do with the ERISA plan documents.  See id. at *3.  In fact, he testified that the funding provision at issue could not have been included in the plan document or it would have disqualified the plan as a defined benefit plan.  Id.  Because the Court finds Defendants did not have an objectively reasonable basis for removal, it concludes that Plaintiff is entitled to its costs and expenses incurred because of the removal.

In opposing Plaintiff's instant motion, Defendants challenge as unrelated to the removal a small portion of fees and costs sought by Plaintiff.  Specifically, Defendants challenge about three hours of attorney time spent working on a motion to stay this action pending a decision on the motion to remand and working on some other issues related to this Court's scheduling order.  Plaintiff filed the motion to stay in order to avoid the waste of judicial resources and the parties' resources litigating in this Court a case that would soon be remanded to state court.  That was a reasonable request that

3

Defendants opposed.  The Court finds that those fees were "incurred as a result of the removal" and should be awarded.

Defendants also challenge Plaintiff's request that they be awarded the cost for the transcript of the deposition of the corporate representative referenced above.  On this issue, the Court agrees with Defendants that Plaintiff would have been required to obtain this transcript regardless of the removal and thus, this cost is not properly charged to Defendants at this time.

Accordingly, the Court will award costs and expenses to Plaintiff in the amount of $11,690.04.  A separate order will issue.

```
                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge
```

DATED: November 24, 2009